UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOSE A. PEREZ; DIANA M. PEREZ; and DOES 1 THROUGH 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: 12-CV-02046-LHK<br><br>ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; REMANDING UNLAWFUL DETAINER ACTION TO SAN BENITO COUNTY SUPERIOR COURT; DENYING ATTORNEYS' FEES AND COSTS |

Defendants Jose A. Perez and Diana M. Perez (collectively, "Defendants"), proceeding *pro se*, filed a notice of removal of a San Benito County Superior Court unlawful detainer action to this Court. *See* ECF No. 1. Defendants also filed an application for leave to proceed *in forma pauperis* ("IFP"), so that they may proceed in federal court without paying the $350.00 filing fee. *See* ECF No. 5; 28 U.S.C. § 1914(a). On May 15, 2012, Deutsche Bank National Trust Company ("Plaintiff") moved to remand the case to state court and requests an award of attorneys' fees and costs in the amount of $790.00. ECF No. 16. On June 1, 2012, Defendants opposed the motion to remand and request for attorneys' fees and costs. ECF No. 17. On June 7, 2012, Plaintiff filed a reply. ECF No. 18. Pursuant to Civil Local Rule 7-1(b), the Court finds that Defendants' application to proceed IFP and Plaintiff's motion to remand are suitable for decision without oral argument. Accordingly, the motion hearing and case management conference set for September 6,

1
Case No.: 12-CV-02046-LHK
ORDER DENYING IFP APPLICATION; REMANDING ACTION; DENYING ATTORNEYS' FEES AND COSTS

2012 are VACATED. Having reviewed the parties' submissions and the relevant law, the Court determines the complaint was improperly removed from state court. Accordingly, the application for leave to proceed *in forma pauperis* is DENIED, and the case is REMANDED to state court.

## I. BACKGROUND

This action arises from Plaintiff's efforts to evict Defendants from residential property located at 2600 Glenview Dr., Hollister, CA 95023 (the "Property"). *See* Complaint ("Compl.") ¶ 3, Request for Judicial Notice ("RJN") Ex. 1, ECF .[1] Plaintiff is the owner of the Property having purchased the premises at a trustee's sale on or about June 22, 2009. *Id.* ¶¶ 4-5. On October 27, 2009, Plaintiff filed an unlawful detainer action in San Benito County Superior Court against Defendants. *Id.* at 1.

On April 24, 2012, more than two years later, Defendants removed the unlawful detainer action to federal court. ECF No. 1. The matter was originally assigned to Magistrate Judge Paul S. Grewal and was reassigned to the undersigned judge on May 10, 2012. *See* ECF Nos. 10, 14.

## II. DISCUSSION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right," and "[t]he granting or refusing of permission to proceed in forma pauperis is a matter committed to the sound discretion of the district court." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (citations omitted); *see Torres v. Garcia*, 444 F.2d 537, 537 (9th Cir. 1971) (per curiam).

---

[1] Plaintiff requests that the Court take judicial notice of, among other documents, the state court complaint. Defendants have not opposed Plaintiff's request. The Court takes judicial notice of the underlying state court complaint pursuant to Fed. R. Evid. 201. *See Molus v. Swan*, No. 05–0452, 2007 WL 2326132, at *6 (S.D. Cal. Aug.13, 2007) (taking judicial notice of pleadings filed by the plaintiff in an earlier state court action). Accordingly, the Court GRANTS Plaintiff's request for judicial notice as to the state court complaint. The Court need not reach Plaintiff's request as to any other documents in order to dispose of this motion.

2
Case No.: 12-CV-02046-LHK
ORDER DENYING IFP APPLICATION; REMANDING ACTION; DENYING ATTORNEYS' FEES AND COSTS

The Ninth Circuit has indicated that leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has both demonstrated poverty *and* presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B). *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Thus, the Court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.3d at 1370 (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965), *cert. denied*, 382 U.S. 896 (1965)). "It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit[,] and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis." *Smart*, 347 F.2d at 116 (citations omitted); *accord Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

In addition to the Court's duty to examine the merits of a complaint under the IFP statute, the Court also has an independent duty to determine whether it has jurisdiction. In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Defendants allege, as the basis for removal, that this Court has subject matter jurisdiction based on federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively. *See* Notice of Removal at 1, ECF No. 1.

### A. Federal Question Jurisdiction

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law, if based on the "well-pleaded complaint," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1271 (2009). A review of the original complaint filed in state

3

Case No.: 12-CV-02046-LHK
ORDER DENYING IFP APPLICATION; REMANDING ACTION; DENYING ATTORNEYS' FEES AND COSTS

court discloses no federal statutory or constitutional question. An unlawful detainer cause of action such as the one asserted here does not raise a federal question. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018, 2011 WL 204322, at * 2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Partners v. Gonzalez*, 2010 U.S. Dist. LEXIS 95714, at * 2-3 (N.D. Cal. Aug. 30, 2010) (same).

Defendants generally assert a defense based on the Due Process Clause of the United States constitution. *See* Notice of Removal ¶¶ 12-13. However, it is well-settled that a case may not be removed to federal court on the basis of a federal defense. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Thus, to the extent Defendants' defense to the unlawful detainer action is based on alleged violations of the federal constitution, those allegations do not provide a basis for federal jurisdiction.

### B. Diversity Jurisdiction

To the extent Defendants seeks to establish federal jurisdiction based on diversity of citizenship, this attempt also fails. Pursuant to 28 U.S.C. § 1332, defendants seeking removal must show that they and the plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. Here, the face of plaintiff's complaint alleges that the amount in controversy is less than $10,000. *See* RJN Ex. 1; *see Chattha v. Jourdan*, 12-CV-03300-CRB, 2012 WL 2917610, at *2 (N.D. Cal. July 17, 2012) (finding lack of diversity when face of complaint alleged the amount in controversy was under $10,000). When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Defendants have not pointed to any facts, let alone facts sufficient to establish that the jurisdictional amount is met to a "legal certainty." Thus, Defendants have failed to establish that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### C. Attorneys' Fees and Costs

4

Case No.: 12-CV-02046-LHK
ORDER DENYING IFP APPLICATION; REMANDING ACTION; DENYING ATTORNEYS' FEES AND COSTS

Although there was no basis for removal, an award of attorneys' fees is not appropriate in this case. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *In Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), the Supreme Court held that the standard for awarding fees should turn on the "reasonableness of the removal." As the Court explained, "absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Where removal is objectively unreasonable, an award of attorneys' fees may nevertheless be inappropriate due to a litigant's pro se status. *See Deutsche Bank Nat'l Trust Co. Cabalu*, No. 10-CV-02624-EDL, 2010 WL 4916408, at *3 (N.D. Cal. Sept. 30, 2010) (explaining that although removal was objectively unreasonable, an award of fees was not appropriate because of litigant's pro se status; also noting representation by one defendant that he was not employed and thus unable to afford any judgment). The Court does not find attorney fees are appropriate because Defendants are *pro se* litigants and the rule that removal cannot be based on a federal defense is not obvious to a *pro se* litigant. There is no evidence that these Defendants have prior experience removing an unlawful detainer action. Accordingly, Plaintiff's request for attorneys' fees and costs is DENIED.

### III. Conclusion

For the foregoing reasons, this Court lacks subject matter jurisdiction, and this case is REMANDED to San Benito County Superior Court. Moreover, the Court determines that this proceeding is without merit, and Defendants' application for leave to proceed *in forma pauperis* is therefore DENIED. Plaintiff's request for attorneys' fees and costs is also DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5
Case No.: 12-CV-02046-LHK
ORDER DENYING IFP APPLICATION; REMANDING ACTION; DENYING ATTORNEYS' FEES AND COSTS